**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000502**
**28-FEB-2020**
**08:20 AM**

NO. CAAP-19-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

REMAX PROPERTIES, authorized agent for RICHARD K. TAHARA
and MARJORIE T. TAHARA, owners of the subject property,
Plaintiff-Appellee, v. CHRISTOPHER YOUNG, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CIVIL NO. 3RC-18-1-1186)

ORDER DISMISSING APPEAL
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that:

(1) On July 8, 2019, self-represented Defendant-Appellant Christopher Young (Young) conventionally filed the notice of appeal. The district court clerk electronically filed the notice of appeal on July 10, 2019;

(2) On September 5, 2019, the district court clerk filed the record on appeal;

(3) On September 6, 2019, the appellate clerk notified the parties that the statement of jurisdiction and opening brief were due on or before September 16, 2019, and October 15, 2019, respectively;

(4) Young did not file either document or request an extension of time;

(5) On September 18, 2019, Young filed a civil appeals docketing statement, where he stated that due to his

circumstances, filing an opening brief was impossible and the court should decide the appeal based upon "the evidence of the record and videos of the hearings;"

(6) On October 23, 2019, the appellate clerk notified Young that the time for filing the statement of jurisdiction and opening brief had expired, the matter would be called to the court's attention on November 4, 2019, for appropriate action, which could include dismissal of the appeal, under Hawai'i Rules of Appellate Procedure (HRAP) Rules 12.1(e) and 30, and Young may request relief from default by motion;

(7) On November 4, 2019, Young filed an "objection" to the default notice where, among other things, he makes various assertions but does not indicate that he intends to file an opening brief;

(8) Young took no further action in this appeal; and

(9) Without an opening brief, Young has failed to present discernable and understandable points of error for the court to review, and the court is not required to proceed with this appeal. Young's failure to file the statement of jurisdiction and opening brief violate HRAP Rules 12.1(e) and 30, respectively, and dismissal is warranted.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

DATED: Honolulu, Hawai'i, February 28, 2020.

Chief Judge

Associate Judge

Associate Judge

2